Submitted on petitioner's petition for reconsideration filed August 5, reconsideration allowed; opinion (113 Or App 621, 833 P2d 1318) withdrawn; reversed and remanded for reconsideration September 9, 1992

## DEPARTMENT OF LAND CONSERVATION AND DEVELOPMENT,
*Respondent,*

*v.*

## COOS COUNTY,
*Respondent,*

*and*

## LONE ROCK TIMBER COMPANY,
*Petitioner.*

## (LUBA 91-193; CA A74190)

838 P2d 1080

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks Supreme Court review and, also, this court's reconsideration under ORAP 9.15 of our decision affirming LUBA's remand of Coos County's approval of petitioner's application to erect a nonforest dwelling on a five-acre area within a 110-acre parcel in a forest zone. *Dept. of Land Conservation v. Coos County*, 113 Or App 621, 833 P2d 1318 (1992). We quote the formulation of the issue from our opinion:

> "The county zoning ordinance provides that, for a non-forest dwelling to be approved in a forestry zone, the 'proposed site' must be situated on 'land generally unsuitable for forest uses.' The five acres on which petitioner seeks to build the dwelling are unsuitable for forest use; the remainder of the 110-acre parcel is not unsuitable. The issue is whether the 'generally unsuitable for forest uses' standard requires a determination only of the suitability of the proposed immediate dwelling location or whether the determination must be based on the suitability of the entire parcel." 113 Or App at 623.

■■ Petitioner argues that the county "interpreted the 'general unsuitability' standard set forth in its own ordinance and held it was to be applied only to the five acres deemed unsuitable for forest use rather than the entire 110-acre parent tract." LUBA and we, however, construed the ordinance as having the opposite meaning and as requiring that the suitability of the whole tract be determined. Petitioner contends that, under *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992), decided after our decision in this case, LUBA and we did not have the authority to override the county's interpretation of its own ordinance unless that interpretation is contrary to the express language, or the apparent purpose or policy of the county legislation, read in its context. We agree that *Clark* so holds and that LUBA and we exceeded that scope of review. *See Cope v. City of Cannon Beach*, 115 Or App 11, 836 P2d 775 (1992). Accordingly, we allow reconsideration, withdraw our opinion and reverse and remand the case to LUBA for reconsideration in the light of *Clark*. We are not implying that we will remand to LUBA in all cases where we allow reconsideration on the basis of *Clark*. A remand is appropriate here for at least two reasons. First, this is the first case that fits within that category and LUBA

should have the initial opportunity to refine and apply *Clark* in a context where its decision has become reversible solely because of *Clark*. *Compare Kenagy v. Benton County*, 115 Or App 131, 838 P2d 1076 (1992); *Cope v. City of Cannon Beach, supra*. Second, there may be significant questions about the apparent policy and purpose of this ordinance, and more development of the record at LUBA or the county level may be indicated.

Reconsideration allowed; opinion withdrawn; reversed and remanded for reconsideration.