Argued and submitted October 9, affirmed on petitions; reversed and remanded to
LUBA for further proceedings on cross-petitions November 4, 1992

Steve LARSON
and Wallowa Lake Lodge, Inc.,
an Oregon corporation,
*Respondents - Cross-Respondents,*

*v.*

WALLOWA COUNTY,
*Respondent - Cross-Respondent,*

*and*

DAN GILE AND ASSOCIATES, INC.,
Lakeside Development Co.,
dba Joseph Point Developments,
and Oregonians In Action,
*Respondents - Cross-Petitioners - Cross-Respondents.*

(LUBA 92-008)

Ben BOSWELL,
David S. Jackman, Robert Perry,
M. Kenneth Roberts and Steve A. Zollman,
*Petitioners - Respondents - Cross-Respondents,*

*v.*

WALLOWA COUNTY,
*Respondent - Cross-Respondent,*

*and*

DAN GILE AND ASSOCIATES, INC.,
Lakeside Development Co.,
dba Joseph Point Developments,
and Oregonians In Action,
*Respondents - Cross-Petitioners - Cross-Respondents.*

(LUBA 92-009)

1000 FRIENDS OF OREGON,
Nez Perce Tribe, Confederated Tribes of the
Umatilla Indian Reservation, Jean Pekarek,
Patty Goebel, Annette Aschenbrenner,
Edna Aschenbrenner, Darren Chitwood,
Frank Conley, Susan Conley,
Stanlynn Daugherty, Patrice Donovan,
Mildred Fraser, Bennie J. Gockley,
Marlene Gockley, Marilyn Goebel,

Sally Goebel, Karla Holme, Mac Huff,
Robert H. Jackson, David A. Jensen,
Carlene Johnson, Margaret Krichbaum,
Randy Krichbaum, Duncan Lagoe, Miriam E. Lagoe,
Inez Meyers, Celinda Miller, Larry Miller,
Sara Miller, Jeff Moore, Marve Ritter,
Dan Stanek, Leslie Thies, Ron Thies,
Rich Wandschneider, Jean Wiggins,
Debbie Williamson, Gene Williamson,
Sharon Zollman and Delwyn Zollman,
*Petitioners - Respondents - Cross-Respondents,*

*v.*

WALLOWA COUNTY,
*Respondent - Cross-Respondent,*

*and*

DAN GILE AND ASSOCIATES, INC.,
Lakeside Development Co.,
dba Joseph Point Developments,
and Oregonians In Action,
*Respondents - Cross-Petitioners - Cross-Respondents.*

(LUBA 92-011)

DEPARTMENT OF LAND CONSERVATION
AND DEVELOPMENT,
*Respondent - Cross-Respondent,*

*v.*

WALLOWA COUNTY,
*Respondent - Cross-Respondent,*

*and*

DAN GILE AND ASSOCIATES, INC.,
Lakeside Development Co.,
dba Joseph Point Developments,
and Oregonians In Action,
*Respondents - Cross-Petitioners - Cross-Respondents.*

(LUBA 92-013)
(CA A76297)
840 P2d 1350

Steven H. Corey, Pendleton, argued the cause for petitioners - respondents - cross-respondents Ben Boswell, David S. Jackman, Robert Perry, M. Kenneth Roberts and Steve A. Zollman. With him on the briefs was Corey, Byler, Rew, Lorenzen and Hojem, Pendleton.

Mary Kyle McCurdy, Portland, argued the cause for petitioners - respondents - cross-respondents 1000 Friends of Oregon, Nez Perce Tribe, Confederated Tribes of the Umatilla Indian Reservation, Jean Pekarek, Patty Goebel, Annette Aschenbrenner, Edna Aschenbrenner, Darren Chitwood, Frank Conley, Susan Conley, Stanlynn Daugherty, Patrice Donovan, Mildred Fraser, Bennie J. Gockley, Marlene Gockley, Marilyn Goebel, Sally Goebel, Karla Holme, Mac Huff, Robert H. Jackson, David A. Jensen, Carlene Johnson, Margaret Krichbaum, Randy Krichbaum, Duncan Lagoe, Miriam E. Lagoe, Inez Meyers, Celinda Miller, Larry Miller, Sara Miller, Jeff Moore, Marve Ritter, Dan Stanek, Leslie Thies, Ron Thies, Rich Wandschneider, Jean Wiggins, Debbie

Williamson, Gene Williamson, Sharon Zollman and Delwyn Zollman. With her on the briefs was F. Blair Batson, Portland.

Marc Zwerling, Portland, argued the cause and filed the brief for respondents - cross-respondents Steve Larson and Wallowa Lake Lodge, Inc.

D. Rahn Hostetter, Enterprise, argued the cause for respondents - cross-petitioners - cross-respondents Dan Gile and Associates, Inc., and Lakeside Development Co. With him on the brief was Mautz Hallman Baum & Hostetter, Enterprise.

David B. Smith, Tigard, argued the cause and filed the brief for respondent - cross-petitioner - cross-respondent Oregonians in Action.

No appearance for respondent - cross-respondent Wallowa County or respondent - cross-respondent Department of Land Conservation and Development.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioners[1] seek review of, and some of respondents cross-petition from, LUBA's remand of Wallowa County's decision that allowed respondents Dan Gile and Associates' (Gile) and Lakeside Development Co.'s (Lakeside) application to rezone property from exclusive farm use to recreational-residential and for approval of a preliminary subdivision plat for the property.

The principal contention in 1000 Friends' appeal to LUBA was that the rezoning of the property violated the county's comprehensive plan. The parties appear to agree that the proposed residential development would not be permissible on EFU land and, according to petitioners, the property is designated EFU by the plan. Respondents argue that the property is classified for recreational-residential use by the plan. LUBA concluded that the plan map, which consists of an 8-1/2 inch by 11 inch sheet of paper that depicts an area of 60 by 50 miles, is not property-specific and does not clearly show whether the affected property is within the area designated EFU. Accordingly, LUBA determined that the map is ambiguous and remanded for the county to "interpret and apply" it "in the first instance." Because 1000 Friends' contentions turned on whether the plan designates the rezoned property EFU, LUBA determined that it would be premature to reach the merits of the challenge to the county's decision.

Both groups of petitioners assign error to LUBA's remand. 1000 Friends argues, in effect, that the map is irrelevant, because the text of the plan reveals that the property is designated EFU. 1000 Friends reasons that the soil classifications on the property make it agricultural land under Goal 3, that no exception to Goal 3 pertaining to the property appears in the plan's text and that, therefore, the property is EFU as a matter of law, whatever the map might indicate and regardless of whether the map is ambiguous. *See* ORS 197.732(8). Even if we were to assume that the map cannot create an ambiguity in the face of clear plan text

---

[1] There are two separately appearing groups of petitioners. Where differentiation between them is required, we will identify the groups by the first named party for each in the caption, "1000 Friends" and "Boswell."

provisions,[2] as 1000 Friends seems to do, we do not agree that 1000 Friends' argument demonstrates that the plan's text is clear and contrary to the map, as distinct from showing that there may be mistakes in the plan. It may be that, at the time the relevant provisions were adopted, exceptions were required and were not taken. It does not follow that any such error in the plan can be challenged or corrected at this time, independently of the acknowledgment or periodic review process. *See Urquhart v. Lane Council of Governments*, 80 Or App 176, 721 P2d 870 (1986). The historical facts pertaining to the exceptions and acknowledgment processes may be matters that the county must address on remand. However, they do not obviate the need for a remand.[3]

■      Petitioners Boswell argue first that, because the zoning map clearly showed the area to be zoned EFU before the challenged rezoning decision, and because the plan requires its provisions to be implemented through zoning, the zoning map rather than plan map is the decisive cartological evidence about how the property was designated. Hence, a plan amendment was necessary to allow a change in the zoning of the property. Even assuming the correctness of Boswell's understanding of the roles of the plan and zoning maps, *but see Baker v. City of Milwaukie*, 271 Or 500, 533 P2d 772 (1975), we do not perceive how Boswell's point could *eliminate* the ambiguity from the plan, as distinct from providing an arguable basis by which the *county* might *resolve* the ambiguity.

Boswell also contends that LUBA should not have decided whether the plan map is ambiguous, because no participant in the local proceeding raised the ambiguity question. However, LUBA did not purport to review or reverse an answer by the county to that specific question. Rather, LUBA's conclusion was part of its legal reasoning in addressing an issue that plainly was presented by 1000 Friends' appeal—whether the county had correctly interpreted and applied the plan to the rezoning decision. The essence of the conclusion is that that issue could not be decided until the ambiguity in the plan is resolved; before that occurs, the

---

[2] *Both the text and the map are parts of the plan.* ORS 197.015(5).

[3] Although LUBA's opinion is somewhat unclear on the point, we understand the remand to require the county to interpret the plan as a whole, not just the map, in determining how the plan designates the property.

county's interpretation of the plan is not sufficient or complete and compliance of the decision with it could not be evaluated.

Although *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992), was decided shortly before LUBA's decision here, the parties' written arguments to LUBA predated *Clark* and it played no role in LUBA's analysis. Before the decision in *Clark*, it seems clear that LUBA could have remanded the case to the county to resolve the ambiguity, *see Schatz v. City of Jacksonville*, 113 Or App 675, 835 P2d 923 (1992); and, because the county had already had the initial interpretive opportunity, LUBA could also have proceeded to interpret the plan on its own, rather than remanding the decision. *See McCoy v. Linn County*, 90 Or App 271, 752 P2d 323 (1988). After *Clark*, the second option probably no longer exists. *See West v. Clackamas County*, 116 Or App 89, 92, n 2, 840 P2d 1354 (1992).

■ *Clark* holds that LUBA is bound by a local government's interpretation of its own land use legislation, unless the interpretation is at odds with the language or apparent purpose or policy of the legislation, taking context into account. 313 Or at 515. The corollary of that principle of deference and dependence is that LUBA may insist that the local government *make* an interpretation, when one is required, and that the interpretation be sufficiently articulated to lend itself to review under the criteria stated in *Clark*. If the local government's statement of its interpretation in its decision omits necessary findings, conclusions or analytical steps, or if the local government has failed to offer an interpretation of a local enactment that is a necessary precursor to or component of a challenged decision, LUBA may remand to require that the gaps be filled.[4]

LUBA did not err by remanding in this case. No party argues that the plan map is not ambiguous. Petitioners contend only that that ambiguity makes no difference,

---

[4] We note that, at least under the facts of this case, LUBA's conclusion that the map is ambiguous does not constitute an interpretation of the map by LUBA. Rather, we understand the conclusion to be that there are unresolved questions of fact or law about the map and that, therefore, the county has not provided an adequate or complete interpretation of it. Consequently, the merits of the appeal are not yet in a posture that enables LUBA to review them. *See West v. Clackamas County, supra.*

because they contend that other plan or ordinance provisions are controlling. We have addressed and rejected those contentions. If anything, they show that there is more for the county to do on remand than simply to decide the issue that LUBA required it to consider. Petitioners show no error, and we turn to the cross-petitions.

■    Gile's and Lakeside's first assignment asserts that LUBA erred in its conclusion that the county had not already interpreted the ambiguous map. They say that this finding by the county constitutes such an interpretation:

> "The zone change is in conformance with the land use plan and the land use plan map."    .

That conclusory statement does not suffice as an interpretation of the provisions. It says and explains *nothing* about the meaning of the plan or the map, let alone the issue that LUBA held had to be and had not been resolved. As we have indicated in our discussion of petitioners' assignments, the county must do substantially more than the quoted finding achieves. A bare recitation that the decision complies with the local provisions does not constitute an interpretation of the provisions that is adequate for review.

Gile and Lakeside assign error to LUBA's rulings (1) that the county erred by allowing the subdivision application through governing body action without the planning commission having first ruled on it, (2) that the subdivision application violates the minimum lot standards in the new zone and (3) that the county "failed to address whether the proposed zone change and subdivision [are] consistent with Natural Resources Policy No. 4 of the Plan." Oregonians in Action also assigns error to the third ruling. Each of the three assignments raises an issue that involves the application of county legislation. Without reaching the specific contentions that the parties make in connection with the assignments, we hold that each requires a remand to LUBA for whatever further consideration may be required in the light of *Clark v. Jackson County, supra,* and the subsequent decisions of this court that have analyzed and applied *Clark. See Dept. of Land Conservation v. Coos County,* 115 Or App 145, 838 P2d 1080 (1992).

Gile and Lakeside maintain in their remaining assignment that LUBA erred in determining that a finding of the county was unsupported by substantial evidence in the whole record. Our review of LUBA's opinion satisfies us that it correctly understood and applied the substantial evidence test. *Cusma v. City of Oregon City*, 92 Or App 1, 757 P2d 433 (1988).

Affirmed on petitions; on cross-petitions, reversed and remanded to LUBA for further proceedings not inconsistent with this opinion.