Submitted on petitioners' petition for reconsideration filed August 18, reconsideration allowed; decision (114 Or App 233, 832 P2d 1279) withdrawn; reversed and remanded November 12, 1992, reconsideration denied February 10, petition for review denied March 23, 1993 (315 Or 643)

## CITIZENS FOR RESPONSIBLE GROWTH,
Wayne Poole, Barbara Stephens,
Bob Poole, Shirley Loutzenhiser,
Teresa Taylor, Kay Duncan, Aurora Jones,
Paul Jones, Kathleen Wysong,
Peter Ter Har, Jeff Ter Har,
Dave Langlo, Miriam Huntsman,
Helen Gaston, Ralph Winsor
and Olive Blumenshein,
*Petitioners,*

*v.*

## CITY OF SEASIDE,
*Respondent,*

*and*

## CENTERS WEST DEVELOPMENT CO.,
*Intervenor - Respondent.*

(91-194; CA A74654)

840 P2d 1370

Robert L. Liberty, Portland, for petitioners.

Lawrence R. Derr, Portland, appeared *contra* for intervenor - respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Petitioners appealed to LUBA from the City of Seaside's approval of a conditional use permit for a factory outlet shopping center. LUBA agreed with some of petitioners' assignments, rejected others and remanded the city's decision. Petitioners then sought our review, contending that LUBA erred in its rulings on some of the assignments that it rejected. We affirmed LUBA's decision without opinion. *Citizens for Responsible Growth v. City of Seaside*, 114 Or App 233, 832 P2d 1279 (1992). Petitioners now seek Supreme Court review. We treat the petition as one for reconsideration, ORAP 9.15, allow it, withdraw our decision and reverse and remand to LUBA.

■ Petitioners first argue that LUBA erred by concluding that city's comprehensive plan policies 5.12 and 5.16 were not applicable as approval standards for the permit application. They contend that that conclusion was contrary to city's interpretation of the policies, which petitioners maintain did treat the two provisions as approval standards. Therefore, petitioners conclude, LUBA exceeded the permissible scope of its review of local interpretations of local land use legislation as recently defined in *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992).

Intervenor responds that city's findings do not address policy 5.12 and do not mention policy 5.16. Hence, in intervenor's view, city made no interpretation of the two provisions; therefore, it contends that *Clark v. Jackson County, supra*, has no bearing on the case.

■ There is a factual component to the question about which the appearing parties disagree. The record lends some support to both positions. Petitioners' bases for contending that city concluded that the plan policies were applicable and applied them are tenuous, but we are not prepared to say that the record conclusively refutes their argument as a matter of law. This court does not make factual determinations in reviewing land use cases. Therefore, we remand to LUBA to make any necessary factual determinations and to resolve, in the first instance, any questions of law that are relevant to the disposition of the appeal to it in the light of those facts. *See Dept. of Land Conservation v. Coos County*, 115 Or App 145,

838 P2d 1080 (1992). We emphasize that our summaries of the parties' arguments imply no view about the correctness of the legal conclusions that they draw from their various versions of the facts.[1] We also do not imply that LUBA may not remand the case to city to make appropriate factual or legal determination. *Larson v. Wallowa County*, 116 Or App 96, 840 P2d 1350 (1992).

Petitioners make a number of arguments pertaining to issues other than the one that we have addressed. We reject those arguments without discussion.

Reconsideration allowed; decision withdrawn; reversed and remanded.

---

[1] Petitioners argue that *Clark v. Jackson County, supra,* established a new standard of LUBA and judicial review of local interpretations of local land use legislation that is far narrower than the standard articulated in earlier Supreme Court and Court of Appeals decisions relating to the same issue. Petitioners note that the court did that in *Clark* without any mention or discussion of those earlier contrary decisions. In *Cope v. City of Cannon Beach*, 115 Or App 11, 836 P2d 775 (1992), we analyzed *Clark* and made that same point, among others.

Petitioners add that the Supreme Court should review this case, because doing so would provide it with "an opportunity * * * to reconcile, distinguish or overrule" the relevant precedent that it failed to address in *Clark*. That is up to the Supreme Court, of course, and petitioners remain free to pursue that court's review. ORAP 9.15(5). For purposes of reconsideration, we are bound by *Clark*.