Argued and submitted December 11, reversed and remanded with instructions December 30, 1992

Robert WEEKS,
Elva Weeks, Bill Beck and Elza Beck,
*Petitioners,*

*v.*

CITY OF TILLAMOOK
and Community Action Team, Inc.,
an Oregon nonprofit corporation,
*Respondents.*

(LUBA 91-110; CA A77307)

844 P2d 914

Phillip E. Grillo, Portland, argued the cause and filed the brief for petitioners.

Douglas E. Kaufman, Tillamook, filed the brief for respondent City of Tillamook.

Neal C. Lemery, Rockaway Beach, filed the brief for respondent Community Action Team, Inc.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioners seek review of LUBA's affirmance of the City of Tillamook's decision that respondent Community Action Team's conditional use permit for the construction and operation of a homeless shelter has not expired.

The city approved the permit in April 1990. Petitioners, among others, appealed that approval to LUBA. Ultimately, after LUBA's review, ours, the Supreme Court's and, again, ours on remand from the Supreme Court, the city's decision to approve and issue the permit was affirmed. *Beck v. City of Tillamook*, 20 Or LUBA 178 (1990), *aff'd* 105 Or App 276, 805 P2d 144 (1991), *aff'd in part, rev'd in part*, 313 Or 148, 831 P2d 678, *on remand* 113 Or App 660, 833 P2d 1327 (1992).

While *Beck* was proceeding through LUBA and the courts, the one-year anniversary of the approval of the permit occurred. Petitioners sought a ruling from the city council that the permit was, therefore, no longer valid. They relied on sections 27(5)(c) and 34 of the city's zoning ordinance which, in general terms, relate to the expiration of conditional use permits that have not been put to use within one year from their approval date.[1] The council's decision on that request took the form of a minute entry that "[i]t was the consensus of Council that the conditional use permit is still valid."

Petitioners appealed to LUBA from the decision memorialized in the minutes and contended, *inter alia*, that the permit had expired under the terms of the ordinance. LUBA concluded that the minute entry did not constitute a final, appealable land use decision. Petitioners sought our review, and we held that LUBA had jurisdiction and remanded for it to decide the merits of the appeal. *Weeks v. City of Tillamook, supra* n 1. On remand, LUBA construed the cited provisions of the zoning ordinance together with the appeal provisions in section 27(7) and concluded that the

---

[1] The text of the two ordinance provisions is set out in our earlier opinion in this case. 113 Or App 285, 287-88, 832 P2d 1246 (1992). The grounds for our decision make it unnecessary that we construe the provisions here, and we therefore do not repeat our quotation. Our summary is meant only to relate their general sense, not their detailed substance.

expiration period for conditional use permits under the ordinance was tolled as long as a challenge to their approval was pending at any appellate level.[2] Because the appellate judgment in *Beck* did not issue until August 19, 1992, LUBA concluded that the one-year period had not run. It also rejected petitioners' other assignments and affirmed the city's decision that the permit was still valid.

Once again, petitioners seek our review. The basic issue that the parties dispute is whether LUBA's review and its disposition were consistent with *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992), under which LUBA is required to accept a local government's interpretation of the locality's land use legislation, unless the interpretation is contrary to the express language or apparent purpose or policy of the legislation, taking account of context.

The city's decision consisted of the conclusory statement that "the conditional use permit is still valid." LUBA concluded that that statement does not constitute an interpretation. LUBA reasoned from that that "[t]here is no city interpretation of [the relevant ordinance provisions] * * * to which [it] must defer" under *Clark* and, therefore, LUBA was obliged to develop its own interpretation of the ordinance and to determine, in the light of *its* interpretation, whether the *city's* ultimate *decision* was correct. LUBA relied on *McCoy v. Linn County*, 90 Or App 271, 752 P2d 323 (1988), for the latter part of its syllogism.

Petitioners contend that, under *Clark*, LUBA had no authority to render any interpretation of the city ordinance in the absence of a reviewable interpretation by the city. Petitioners' argument is diffuse and, in some respects, inconsistent. However, we conclude that this much of the argument is correct in substance, if not in tone:

"In order to avoid the limitations of *Clark*, LUBA relied on the city council's lack of [an interpretation[3]]. * * * This

---

[2] Our summary of LUBA's reasoning is designed only to communicate its general thrust.

[3] Petitioners used the word "findings" here instead of the bracketed term. We expressly reject the suggestion that a local decisionmaker's interpretation must assume any particular form in all cases, as long as it suffices to identify and explain in writing the decisionmaker's understanding of the meaning of the local legislation. Whether findings, conclusions or less structured forms of articulation are adequate

circular analysis clearly violates the limitations of *Clark*. Under *Clark*, LUBA lacks authority to substitute its own interpretation * * * of [local legislation, except under the circumstances specified in *Clark* for reversal of a local interpretation]. In this case the city council has not interpreted * * * anything. Under these circumstances, LUBA lacks authority, in the first instance, to affirm the city's decision, based *solely on [LUBA's]* * * * interpretation of local law." (Emphasis petitioners'.)

■    We begin by noting our agreement with LUBA that the city council's conclusory statement does not constitute a reviewable interpretation of the local ordinance. In *Larson v. Wallowa County, supra* n 3, we concluded that the county decisionmaker's bare recitation in its order that the proposed use complied with applicable local legislative provisions did not suffice as an interpretation of those provisions and was not adequately articulated or developed to be reviewable by LUBA under the *Clark* standard. We also held that LUBA *could* remand local land use decisions to require local governments to cure omissions and deficiencies in their interpretations of local legislation. 116 Or App at 103-04.

■    The question that *Larson* did not answer and that this case squarely presents is whether LUBA *must* remand when the local interpretation is missing or inadequate for review, or whether LUBA may, as an alternative, interpret the local legislation *ab initio* in cases where the local government has not stated its interpretation at all or has not done so sufficiently. We suggested in *Larson v. Wallowa County*, 116 Or App at 103, and in *West v. Clackamas County*, 116 Or App 89, 92 n 2, 840 P2d 1354 (1992), that that alternative may not be permissible under *Clark*. We now so hold.

LUBA relied on *McCoy v. Linn County, supra*, for its conclusion that it was not only empowered, but was required, to interpret the ordinance independently, in the absence of any local interpretation to which it *could* give the "deference" for which *Clark* calls. Although that conclusion is not without arguable support, it presupposes that *Clark* and *McCoy* provide alternative methods of review that *can* co-exist in the same system. We concluded otherwise in *Cope v.*

---

to communicate the necessary information will vary from case to case. *See Larson v. Wallowa County*, 116 Or App 96, 840 P2d 1350 (1992).

*City of Cannon Beach*, 115 Or App 11, 836 P2d 775 (1992), and we adhere to that conclusion. *McCoy* and its progenitors rested on the premise that the meaning of local legislation is a question of law to be resolved sequentially and independently by local decisionmakers and then by LUBA and the reviewing courts. The premise of *Clark* is that the meaning of local enactments, although still perhaps a question of law, is *not* one that reviewing bodies may decide independently; rather, with defined exceptions, LUBA and the courts are required to follow the local interpretations. As we explained in *Cope, Clark*, by judicial *fiat*, transferred ultimate responsibility for interpreting local land use legislation that is capable of more than one tenable interpretation from LUBA and the courts to the local decisionmakers. 115 Or App at 18.

By allocating interpretive *authority* between local governments and reviewing tribunals in that way, *Clark* also has the necessary effect of making a corresponding allocation of interpretive *responsibility*. After *Clark*, local governments may no more fail to articulate interpretations of their legislation that are necessary to their decisions than they may omit necessary findings of fact, and LUBA has no more authority on review to supply missing interpretations than it does to make findings that the local government has failed to include in its decision. LUBA's proper disposition of this case is a remand to the city to state and explain its interpretation of the ordinance in the text of its written decision.[4]

We expressly note that we have considered all of petitioners' other assignments and arguments and hold that there is no basis for reversal or remand in any of them. *See Beck v. City of Tillamook,* 313 Or 148, 831 P2d 678 (1992).

Reversed and remanded with instructions to remand to city for proceedings not inconsistent with this opinion.

---

[4] We do not imply that, under the peculiar circumstances of this case, the city may not interpret the ordinance in the same way that LUBA already has, with any review by LUBA that may later take place to be governed by *Clark*.