Argued and submitted August 9, reversed and remanded with instructions
September 22, 1993

Dorothy GAGE
and Ashcreek Neighborhood Association,
*Petitioners,*

*v.*

CITY OF PORTLAND
and FP-35 Partners,
*Respondents.*

(93-030; CA A80355)

860 P2d 282

Edward J. Sullivan, Portland, argued the cause for peti-
tioners. With him on the brief was Preston Thorgrimson
Shidler Gates & Ellis, Portland.

Peter A. Kasting, Portland, argued the cause and filed the brief for respondent City of Portland.

Jeff H. Bachrach, Portland, argued the cause for respondent FP-35 Partners. With him on the brief was O'Donnell, Ramis, Crew & Corrigan, Portland.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

**DEITS, P. J.**

Petitioners seek review of LUBA's decision affirming the City of Portland's approval of respondent FP-35 Partners' application for a minor amendment to a planned unit development (PUD). We reverse.

■ The city granted final development plan approval for the original PUD in September, 1984, more than eight years before its approval of the amendment in the present proceeding. In their first assignment to LUBA and to us, petitioners contend that the city hearings officer, who rendered the final decision, erred by not responding in her order to petitioners' argument that, under *former* PCC 33.79.140 and 33.79.150,[1] the final approval of the original plan had expired before the granting of the amendment here, because no development had taken place within eight years of the original plan's approval. According to petitioners, the two code provisions should be interpreted as meaning that final plan approvals expire under those circumstances, that the plan was, therefore, not in effect at the time that the city took final action on the present application, and that there was, therefore, no PUD in existence to which an amendment could then be allowed.[2]

PCC 33.79.140(a) provided that preliminary PUD approvals remain valid for a period of three years, and that final development plans for the entire site or for the first phase of phased developments must be submitted within that time. Under PCC 33.79.140(e), approval of the final development plan constituted a final decision on the PUD application. PCC 33.79.150(d) provided that, in the case of phased PUD projects, the "sum of the years between the first approved final phase and the last approved final phase may not exceed 8 years."

According to petitioners, those code provisions should be interpreted to mean that final plan approvals have an eight-year duration within which development must occur, and they otherwise expire after eight years. Petitioners argued to LUBA that, under *Clark v. Jackson County*, 313 Or

---

[1] Those code provisions were in effect at the times of the original preliminary application and of the 1984 approval. We are advised that they were repealed in 1990.

[2] LUBA correctly determined that petitioners raised this issue in the city proceedings. *See* ORS 197.763; ORS 197.835(2).

508, 836 P2d 710 (1992) and *Weeks v. City of Tillamook*, 117 Or App 449, 844 P2d 914 (1992), the hearings officer's failure to interpret the two code provisions and to address petitioners' argument that the 1984 final approval had lapsed required that the decision be remanded to the city to consider and address those issues in its order.

In *Clark*, the Supreme Court held that LUBA and reviewing courts must accept local interpretations of local land use legislation that are not contrary to the language or apparent purpose or policy of the legislation, read in its context. *Weeks* is one of a series of decisions by this court, made in the aftermath of *Clark*, that attempt to implement *Clark* and to redefine the parts of the pre-*Clark* system of LUBA and judicial review that do not survive the Supreme Court's decision. We concluded in *Weeks* that *Clark* implicitly, but necessarily, requires local governments, rather than LUBA or us, to make initial interpretations of local provisions "that are necessary to their decision[s]," when the local legislation "is capable of more than one tenable interpretation." 117 Or App at 454. In the absence of such a local interpretation, we held, LUBA may not supply an interpretation *ab initio*, but must remand for the local government to make the necessary interpretation in its order. *See also Larson v. Wallowa County*, 116 Or App 96, 840 P2d 1350 (1992); *West v. Clackamas County*, 116 Or App 89, 840 P2d 1354 (1992).

The rationale of *Weeks* is twofold. First, it holds that *Clark's* principle of deferential LUBA and judicial review of local interpretations necessarily implies a recognition that it is the prerogative of local governments to interpret their own legislation in the first instance, and it carries with it an assignment of interpretive responsibility to local governments as well as a rule concerning how LUBA and the courts are to review those interpretations. *See also Green v. Hayward*, 275 Or 693, 706, 552 P2d 815 (1976). The second reason for our conclusion in *Weeks* was that, for LUBA and the courts to be able to review local interpretations under the *Clark* standard, the local orders must contain any interpretations that are necessary to their decisions and must articulate those interpretations adequately to make review possible. *See also Green v. Hayward, supra*, 275 Or at 706.

LUBA rejected petitioners' argument. It looked to the language of the two code provisions and concluded that they are unambiguous and have no arguable bearing on the duration of final plan approvals, but relate only to the times within which final plans must be submitted and final approvals must be obtained. Having rejected petitioners' contrary understanding of the provisions, LUBA went on to explain:

> "In *Weeks v. City of Tillamook, supra*, the [C]ourt of [A]ppeals said *Clark* requires that this Board not interpret a local government's ordinances in the first instance, but rather review the local government's interpretation of its ordinances. However, the code provisions at issue in *Weeks* were complex and ambiguous, and their interpretation was the core of the challenged land use decision. We do not believe *Weeks* should be read to establish a principle that this Board must remand the decision for a local interpretation to be made wherever a petitioner can identify an arguably relevant, but clear and unambiguous, code provision that is not interpreted in the challenged decision."

Petitioners now contend to us that LUBA erred in that holding. They assert that, under *Clark* and *Weeks*, "[i]t is the city that must address and resolve this issue first on remand," and that LUBA erred by taking the initial interpretive task upon itself.

In this case, as in *Friends of the Metolius v. Jefferson County*, 123 Or App 256, 860 P2d 278 (1993), a predictable, if not inevitable, consequence of *Clark* has manifested itself: The focus of the petitioners' arguments is not on whether the local decision was right or wrong, but on what body is empowered to decide what questions in connection with the decision and its review. However, that focus is engendered, and possibly necessitated, by *Clark*.

The key to LUBA's reasoning was that *Clark* and *Weeks* do not require a remand for local interpretation of "arguably relevant" and uncomplicated local provisions that LUBA determines for itself are unambiguous and cannot be interpreted in the manner that the propounding party suggests. We have said, in *Goose Hollow Foothills League v. City of Portland*, 117 Or App 211, 218, 843 P2d 992 (1992), and *Reusser v. Washington County*, 122 Or App 33, 36 n 1, 857

P2d 182 (1993), that clear and unambiguous local legislation requires and permits no local interpretation to be reviewed under the *Clark* test. However, we reached our conclusions in *Goose Hollow* and *Reusser* in reviewing putative interpretations that the local governments *had* in fact made. Neither LUBA nor we undertook in those cases to construe or apply the local legislation before the local governments had done so, or to resolve questions of meaning without the benefit of the local governments' initial determinations. Our holding in *Goose Hollow* that the local legislation was not ambiguous and our conclusion in *Reusser* that we could not say that it was not, were based in part on our evaluation of the local interpretive efforts that had been made.

According to petitioners, with rare exceptions, the initial determination of whether there *is* an ambiguity is *part* of the local government's interpretive responsibility and prerogative under *Weeks*, and the city did not discharge that responsibility here.

We agree in the main with that argument, and we think that LUBA reads *Weeks* too narrowly. The identification of ambiguities in legislation and the interpretation of legislation are parts of the same exercise. We do not foreclose the possibility that, in some cases, the local provisions on which a party relies may be so clear in their meaning or so tenuously related to the issues that a remand for a local interpretation would be an empty act. However, that is not the case here. Petitioners point to a history of conflicting interpretations of the two code provisions by city planning personnel, which include some direct statements consistent with petitioners' position that staff members made in connection with the final approval of this PUD. Additionally, in an earlier decision on the present application, which LUBA remanded, the hearings officer observed that "it could be argued" that the code makes eight years the "maximum amount of time any PUD final approval remains valid if no development occurs."[3] Against that background, we cannot agree with LUBA that petitioners' proffered understanding of the two provisions was so untenable that LUBA was

---

[3] Because eight years had not elapsed as of that time, the hearings officer found it unnecessary to decide the question in her first decision.

entitled to reject it in the absence of an authoritative determination by the city decision-maker.

■    We do not imply that the views of the planning personnel, or that of the hearings officer in an earlier order, constitute a "local interpretation" within the meaning of *Clark*, or that they are dispositive as to what the provisions mean or as to whether the provisions are, in fact, ambiguous. Our point is that, under *Weeks*, those are questions for the city, rather than LUBA, to answer in the first instance, unless there is no possible rational dispute about the answer. The expressed views of the planning personnel and the hearings officer, especially those made in connection with earlier actions and decisions concerning this PUD, demonstrate that there is a possible rational dispute and, along with other factors, compel the conclusion that the city was presented with a question that warranted and required an answer from it.

■    We note that, although *Weeks* was specifically concerned with an aspect of the post-*Clark* review process, the rule that it states is not unique. As a general proposition, local governments are required to address the material issues that parties to land use proceedings present to them, and their failure to do so, *e.g.*, by making necessary responsive findings, is generally a basis for remand. *See, e.g., Green v. Hayward, supra*, 275 Or at 706; *Boldt v. Clackamas County*, 107 Or App 619, 624, 813 P2d 1078 (1991); *Hillcrest Vineyard v. Bd. of Comm. Douglas Co.*, 45 Or App 285, 608 P2d 201 (1980). We do not agree with LUBA that the initial interpretation of the city provisions, including the determination of whether they are ambiguous, was for LUBA, instead of the city, to make.[4]

Although we have noted that remands *may* be unnecessary if the local provision that the local government has failed to address is clearly irrelevant or tangential, we do

---

[4] We are also unable to agree with LUBA that the complexity of the local provisions in *Weeks*, contrasted with the perceived simplicity of the provisions here, has any bearing on whether the local government or LUBA is entitled and required to make the initial interpretation of the provisions.

Nothing in this opinion implies that LUBA may not remand for a local decision-maker to address a possible ambiguity that LUBA discerns on review, but that the local order does not adequately address or resolve. *See Larson v. Wallowa County, supra*.

not agree with LUBA's suggestion that that is the situation here. Stated simply, if petitioners are correct in their understanding of what the two provisions mean and of the ramifications that would follow from that meaning, they win. We agree with petitioners that LUBA erred by not remanding the decision to the city to interpret the two code provisions and, if indicated by the interpretation, to apply them.

Petitioners make two other assignments, both of which we reject. Only one argument that petitioners make in connection with those assignments requires comment. Petitioners assert that the deference *Clark* requires should not extend as fully to a final local decision made by a hearings officer as to one made by the governing body, because the former is not and the latter is the policy-making and legislative body that — in an institutional sense at least — enacted the legislation. We do not agree that *Clark* permits that distinction. *See West v. Clackamas County, supra,* 116 Or App at 92.

Reversed and remanded with instructions to remand decision to city.