Argued and submitted December 22, 1993, affirmed on petition and cross-petition
January 19, 1994

Ron O'NEAL
and Vicki O'Neal,
*Petitioners - Cross-Respondents,*

*v.*

DESCHUTES COUNTY,
*Respondent,*

*and*

SUN VILLAGE REALTY, INC.,
*Respondent - Cross-Petitioner.*

(LUBA 93-096; CA A81813)

867 P2d 532

Greg Hendrix argued the cause for petitioners - cross-respondents. With him on the briefs was Hendrix & Chappell.

Martin E. Hansen argued the cause for respondent - cross petitioner. With him on the brief was Karnopp, Petersen, Noteboom, Hubel, Hansen & Arnett.

No appearance for respondent Deschutes County.

Before Deits, Presiding Judge, and Riggs, Judge, and Durham, Judge pro tempore.

DEITS, P. J.

## DEITS, P. J.

Petitioners seek review of and respondent Sun Village Realty, Inc. (Sun Village) cross-petitions from LUBA's decision remanding Deschutes County's approval of Sun Village's application to construct a structure to house various commercial operations. Petitioners make two assignments, both of which we reject without discussion.

■  Sun Village's cross-petition challenges LUBA's remand of the county's decision for a more adequate explanation of its interpretation of the shopping complex approval criteria in its zoning ordinance. The county hearings officer had concluded that the application did not satisfy some of those criteria. On review of the hearings officer, however, the county's governing body simply concluded that the

> "Shopping Complex criteria contained in DCZO 18.04.030 [do] not apply to this application."

LUBA held that, under our decisions in *Gage v. City of Portland*, 123 Or App 269, 860 P2d 282, *on recon* 125 Or App 119, 866 P2d 466 (1993); *Weeks v. City of Tillamook*, 117 Or App 449, 844 P2d 914 (1992); and *Larson v. Wallowa County*, 116 Or App 96, 540 P2d 1350 (1992), the governing body's conclusory statement did not constitute an interpretation of its ordinance that is adequate for review. We agree with LUBA's understanding and application of those cases. The county's statement provides no guidance as to how it interprets the provisions or why it interprets them as it does; it is the same kind of "bare recitation" that we held to be unreviewable in *Larson* and, again, in *Weeks. See* 116 Or App at 104. To constitute an "interpretation" of legislation, within the meaning of those and related cases, more is required than an unexplained statement of a conclusion about its applicability or the result to which it leads.

Sun Village argues, however, that LUBA should nonetheless have affirmed the county's decision under ORS 197.835(9)(b), which provides:

> "Whenever the findings are defective because of failure to recite adequate facts or legal conclusions or failure to adequately identify the standards or their relation to the facts, but the parties identify relevant evidence in the record which clearly supports the decision or a part of the decision,

[LUBA] shall affirm the decision or the part of the decision supported by the record and remand the remainder to the local government, with direction indicating appropriate remedial action."

Sun Village's argument is not persuasive. We held in *Gage, Weeks* and *Larson* that, for LUBA to be able to review a local government's interpretation of its land use legislation pursuant to *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992), there must *be* an interpretation by the local government. As we explained in *Larson*, a mere announcement of a result, like the one here, is not an interpretation. A statement and some explanation of the local government's understanding of the meaning of its legislation is not only essential to the LUBA review process; it is also essential to a meaningful local decisionmaking process.

The statute that Sun Village relies on to support its contention that LUBA should have affirmed the county's conclusion, ORS 197.835(9)(b), has a different purpose. It is aimed at preventing the reversal of a land use decision based on certain kinds of defects in the local order, where there is clear evidentiary support for the decision that demonstrates its correctness, notwithstanding the defects. However, the omission of a necessary interpretation is not a defect of a kind that ORS 197.835 can excuse. Such an omission is not a failure to *recite* legal conclusions or *identify* standards, within the meaning of the statute; rather, it is a failure to *decide* what the applicable law and standards are. A decision cannot be affirmed on the basis of clear supporting evidence if the decisionmaker has not adequately resolved what law applies to that evidence, or explained its understanding of the applicable law sufficiently to enable LUBA and the reviewing courts to discern whether the proper legal standards have been applied. Under *Clark* and *Weeks*, local governments have the prerogative and duty to interpret their legislation in making land use decisions. LUBA and the courts may not supply a necessary interpretation that the local government has failed to make or articulate. Similarly, LUBA and the courts may not affirm a local decision on the basis of ORS 197.835(9)(b) if such an interpretation is missing. The absence of the interpretation is not a mere "defect," but an omission of an indispensable component of the decision that

cannot be cured by the evidence or affirmed under ORS 197.835(9)(b).

Sun Village also argues that *Gage* and *Weeks* do not require a remand for the local government to flesh out an inadequate interpretation when the meaning of the local provisions is absolutely clear or is of no cognizable relevance to the issues. They contend that that is the situation here. We do not agree that this is such a case. Sun Village's thesis is belied by the complex, but artful, interpretation of the shopping complex provision that *it* argued to LUBA was the correct one. There is nothing simple about that interpretation, and the meaning of the ordinance as it bears on the question here is not self-evident. LUBA noted, correctly, that Sun Village's suggested interpretation may well have been affirmable under *Clark*, had the county adopted it. However, as LUBA concluded, "that interpretation is not included in the challenged decision and, for that reason, is not an interpretation we can assume the county embraces." LUBA correctly held that a remand to the county on this issue is necessary.

Affirmed on petition and cross-petition.