Argued and submitted June 15, affirmed August 18, 2021

## RIVERBEND LANDFILL CO.,
*Petitioner,*

*v.*

## YAMHILL COUNTY,
Stop The Dump Coalition,
Ramsey McPhillips, and
Friends of Yamhill County,
*Respondents.*

### Land Use Board of Appeals
2020093; A175877

497 P3d 1288

Riverbend Landfill Co. (Riverbend) sought approval from the Yamhill County Board of Commissioners (county) to expand its solid waste landfill. It simultaneously submitted two applications for the project—a site design review (SDR) application and a flood development permit (FDP) application. The FDP was necessary because a small portion of the project was located within a 100-year floodplain. The county processed both applications together and denied them both, making extensive findings related to the SDR application but none specifically related to the FDP application. Riverbend sought review of the county's decision, challenging, among other things, the county's denial of the FDP. It argued that the county was required to make findings as to that denial under ORS 215.416(9). On review, the Land Use Board of Appeals (LUBA) concluded that, pursuant to ORS 197.835(11)(b), Riverbend failed to establish that the county's lack of findings on the FDP application warranted reversal because development in the floodplain was contingent on an approved site plan. On review from LUBA's final order, Riverbend challenges LUBA's conclusion that the county was not required to make findings related to its denial of the FDP application. *Held*: Under ORS 197.835(11)(b), LUBA was required to affirm the county's denial of the FDP application where the record demonstrated that (1) a code interpretation was not necessary to the local decision-making process and (2) the record otherwise supported the local decision. Denial of the SDR application rendered findings regarding the FDP application unnecessary. No interpretation of the local code was necessary and the record supported the county's decision. LUBA did not err in affirming the county's denial of the FDP application.

Affirmed.

Tommy A. Brooks argued the cause for petitioner. Also on the brief was Cable Huston LLP.

Jeffrey L. Kleinman argued the cause and filed the brief for respondents Stop the Dump Coalition, Ramsey McPhillips, and Friends of Yamhill County.

No appearance for respondent Yamhill County.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

This land use case has a lengthy history. It began in 2014 when petitioner, Riverbend Landfill Co. (Riverbend), sought approval from the Yamhill County Board of Commissioners (county) to expand its existing solid waste landfill to adjacent farmland, including a small section that would extend into a designated floodplain to accommodate construction of a berm proposed by the overall project design. The county originally approved the applications, and the matter wound its way through the Land Use Board of Appeals (LUBA), this court, and the Supreme Court on questions related to the "farm practices" test in ORS 215.296. Through that process, the county approved the applications a second time but, ultimately, denied both applications on remand from LUBA after the Supreme Court issued its ruling. This judicial review is from LUBA's final order affirming the county's denial of the flood development permit (FDP) application. Riverbend assigns error to LUBA's order "because LUBA failed to require the county to make any finding with respect to Riverbend's application for [an FDP] even though County Order 20-284 denied that permit." For the reasons that follow, we conclude that Riverbend's FDP application was submitted solely to support the site design review (SDR) application and that any "defect" or failure of the county to expressly identify the standards and facts on which it based its decision to deny the FDP did not require reversal, because the record supported that decision as a corollary to the county's denial of the SDR application. We affirm LUBA's order.

We review a LUBA final order to determine whether it is unlawful in substance or procedure. ORS 197.850(9)(a). We will conclude that a LUBA order is unlawful in substance "if it represent[s] a mistaken interpretation of the applicable law." *Mountain West Investment Corp. v. City of Silverton*, 175 Or App 556, 559, 30 P3d 420 (2001).

The relevant facts in this case are largely procedural. Riverbend operates a solid waste disposal landfill near McMinnville. It is surrounded by land zoned "exclusive farm use" (EFU) and located near a 100-year floodplain. In 2014, Riverbend sought to expand the landfill onto

adjacent EFU-zoned land. Solid waste disposal facilities are permitted on EFU-zoned land, ORS 215.283(2)(k), but their approval is subject to the "farm practices test" in ORS 215.296.[1]

The county first considered the landfill expansion in 2015 after Riverbend submitted its SDR and FDP applications. Riverbend submitted its applications with the request that they be "processed simultaneously" because a floodplain development permit would be a necessary part of the proposed landfill expansion project. The county processed the applications together and ultimately approved them both. LUBA, however, reversed and remanded that decision for the county to address various errors relating to its application of ORS 215.296. On remand, the county again approved the expansion, but LUBA again reversed and remanded the approval—for the limited purpose of addressing findings related to the expansion's "cumulative impacts" to farm practices pursuant to ORS 215.296.

As mentioned, there have been various appeals, petitions for review, and remands over the years.[2] In its review, the Supreme Court addressed the standard for the "farm practices test," noting that approval of both the SDR and the FDP required compliance with that test. *Stop the Dump Coalition v. Yamhill County*, 364 Or 432, 434, 435 P3d 698 (2019) (*SDC II*). It held that the county-imposed conditions of approval requiring Riverbend to purchase neighboring crops and to conduct litter patrols were not acceptable

---

[1] ORS 215.296(1) provides:

"A use allowed under ORS 215.213(2) or (11) or 215.283(2) or (4) may be approved only where the local governing body or its designee finds that the use will not:

"(a) Force a significant change in accepted farm or forest practices on surrounding lands devoted to farm or forest use; or

"(b) Significantly increase the cost of accepted farm or forest practices on surrounding lands devoted to farm or forest use."

[2] The reported appellate court cases include:

1. *Stop the Dump Coalition v. Yamhill County*, 284 Or App 470, 391 P3d 932 (2017) (*SDC I*);

2. *Stop the Dump Coalition v. Yamhill County*, 364 Or 432, 435 P3d 698 (2019) (*SDC II*); and

3. *Stop the Dump Coalition v. Yamhill County*, 299 Or App 389, 449 P3d 927 (2019) (*SDC III*).

conditions under ORS 215.296. *Id*. at 462. The case was remanded to LUBA, which concluded that the county was incorrect when it determined that landfill litter would not cause a significant change in accepted farm practices on adjacent property. It then remanded the case to the county to reconsider its decisions approving the SDR and the FDP, utilizing the farm practices standard articulated by the Supreme Court. We affirmed LUBA's decision to remand the case to the county. *Stop the Dump Coalition v. Yamhill County*, 299 Or App 389, 391, 449 P3d 927 (2019) (*SDC III*).

Finally, on remand from LUBA and after a hearing, the county voted to deny petitioner's SDR and FDP applications. It made extensive findings regarding the SDR but made no findings specific to the FDP. Riverbend appealed that decision to LUBA, raising three assignments of error. The first two assignments of error related to the denial of the SDR. The third assignment of error—which is the only one at issue before us—related to the county's denial of the FDP. Riverbend argued that the county's findings were inadequate to explain why it denied the application for an FDP because it did not adopt any findings directly related to the merits of that application. LUBA affirmed the county's decision to deny both applications. With regard to the third assignment of error, LUBA concluded that the FDP

"was necessary for the portions of the proposed landfill expansion that intruded onto the floodplain, as depicted on the proposed site plan. However, any development at all in the floodplain was contingent on an approved site plan that depicted development in the floodplain. [Riverbend] does not argue otherwise and does not explain why the county, having denied the site plan review application, was required to adopt findings applying the floodplain development criteria to that contingent application. Accordingly, [Riverbend] has not established that any failure to adopt findings regarding a contingent application provides any basis for reversal or remand of the decision."

On judicial review of LUBA's final opinion and order, Riverbend raises a single assignment of error, arguing that LUBA's order was unlawful in substance. It specifically argues that LUBA should have reversed the county's decision on the FDP application because the county did not

make findings supporting that denial under ORS 215.416(9). Respondents argue that Riverbend's argument is unpreserved and, further, that the county was not required to make findings in any event because the proposed floodplain development was contingent upon approval of the SDR. And, because the county rejected the SDR application, there was no reason to evaluate the merits of the FDP.

Two statutes guide our disposition of this case. ORS 215.416(9) applies to the county's decision to deny the FDP:

> "Approval or denial of a permit for expedited land division shall be based upon and accompanied by a brief statement that explains the criteria and standards considered relevant to the decision, states the facts relied upon in rendering the decision and explains the justification for the decision based on the criteria, standards and facts set forth."

ORS 197.835(11)(b) applies to LUBA's order affirming the county's denial of the FDP:

> "Whenever the findings are defective because of failure to recite adequate facts or legal conclusions or failure to adequately identify the standards or their relation to the facts, but the parties identify relevant evidence in the record which clearly supports the decision or a part of the decision, *the board shall affirm the decision or the part of the decision supported by the record* and remand the remainder to the local government, with direction indicating appropriate remedial action."

(Emphasis added.)

Our opportunities to discuss ORS 197.835(11)(b) have been few. We reviewed *former* ORS 197.835(9)(b) (1994), *renumbered as* ORS 197.835(11)(b) (1995) (with identical language as ORS 197.835(11)(b)), in *O'Neal v. Deschutes County*, 126 Or App 47, 50, 867 P2d 532 (1994). We explained that a local zoning decision cannot be affirmed "on the basis of clear supporting evidence if the decisionmaker has not adequately resolved what law applies to that evidence, or explained its understanding of the applicable law sufficiently to enable LUBA and the reviewing courts to discern whether the proper legal standards have been applied." In other words, a decision does not contain a "mere defect," permitting affirmance under ORS 197.835(11)(b), when the local body omits

a "necessary interpretation" of its local, applicable law. *Id.* It follows that, when code interpretation is not necessary to the local decision-making process and the record otherwise supports the local decision, LUBA may affirm it under ORS 197.835(11)(b) notwithstanding the county's failure to make specific findings under ORS 215.416(9).

Here, the county provided a thorough explanation for its denial of Riverbend's *SDR* application, which Riverbend does not challenge. LUBA explained that the county's explanation for its denial of the SDR application was sufficient to explain its denial of the FDP application. Although the county did not articulate specific "standards or criteria relevant to" its decision to deny the FDP application, LUBA had a duty to affirm the decision if the parties could "identify relevant evidence in the record which clearly support[ed] the [county's] decision[.]" ORS 197.835(11)(b). And, as we have explained, the record could only have "clearly supported" the county's decision if no interpretation of the local code was necessary to decide whether to approve the FDP application.

We agree with respondents that the record "clearly support[ed]" LUBA's decision to affirm the county's denial of the FDP application under ORS 197.835(11)(b). The record shows that Riverbend applied for the FDP solely for the purpose of supporting its SDR application because the landfill expansion would, by design, extend into the floodplain. In its FDP application, Riverbend explained:

> "In conjunction with this application, [Riverbend] is submitting an application for Site Design Review. That specific development proposal seeks site design approval for a total of 37 new acres of landfill area that will be directly incorporated into the existing landfill. * * * *Portions of the proposed berm in that application will lie within the l00-year floodplain, which necessitates this application for a floodplain development permit. Because some of the criteria for site design review overlap with the criteria for a floodplain development permit, [Riverbend] is requesting the applications to be processed simultaneously.* Further, [Riverbend] adopts by reference the information included in the Site Design Review narrative to support this application."

(Emphasis added.) The county did, in fact, process the SDR and FDP applications together when it approved them in

2015, making detailed findings with regard to the SDR application. Later, in its 2020 order denying the SDR and FDP, the board again described the need to process the applications "together" and it made detailed findings supporting its decision to deny the SDR application. There is no suggestion—from any party or from any reviewing body—that the FDP was independently necessary for Riverbend to achieve some purpose other than approval of the entire landfill expansion project. Thus, when the county rejected the SDR application, further consideration of the FDP application was rendered unnecessary.

LUBA did not err when it concluded that Riverbend failed to establish that the county's lack of findings on the FDP application warranted reversal. The record supported LUBA's conclusion that "any development at all in the floodplain was contingent on an approved site plan that depicted development in the floodplain." Riverbend has not explained—here, before LUBA, or before the county—why approval of the FDP application, or an interpretation of the local code as it applied to that application, was necessary in the absence of SDR approval. The board's lack of findings specific to the FDP application does not provide a basis for reversal on this record. To the contrary, we must affirm LUBA's final order because no interpretation of the local code was necessary for the county to explain its decision. Denial of the SDR rendered the FDP application unnecessary, and the county's decision to deny it was not unlawful in substance. LUBA did not err when it affirmed the county's denial of the FDP application.

Affirmed.