Argued and submitted May 15, affirmed on petition and on cross-petition
June 19, 1991

George BOLDT,
Janet Boldt, Richard Sale,
Lita Sale and Gary Meyer,
*Respondents - Cross-Petitioners,*

*v.*

CLACKAMAS COUNTY,
*Respondent - Cross-Respondent,*

*and*

John LATTA,
*Petitioner - Cross-Respondent.*

(LUBA 90-147; CA A69081)

813 P2d 1078

William A. Monahan, Portland, argued the cause for petitioner - cross-respondent John Latta. With him on the briefs were Timothy V. Ramis and O'Donnell, Ramis, Crew & Corrigan, Portland.

Ian K. Whitlock, Portland, argued the cause for respondents - cross-petitioners George Boldt, Janet Boldt, Richard Sale, Lita Sale and Gary Meyer. With him on the brief were John Wiley Gould and Lane Powell Spears Lubersky, Portland.

No appearance for respondent - cross-respondent Clackamas County.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner seeks review of, and respondents[1] cross-petition from, LUBA's remand of Clackamas County's decision to allow petitioner's application for a permit to construct a floating dock and boathouse. Under subsections 705.03(B)(1) and (2) of the county zoning ordinance, the allowance of the permit required a showing by petitioner that the permitted use was necessitated by "an extraordinary, unnecessary and unreasonable hardship" and that "extraordinary circumstances and conditions" exist "which do not apply generally to * * * other lands, buildings or uses" in the relevant area.

Petitioner contended before LUBA that respondents did not raise in the local proceedings the issues that they later sought to raise before LUBA pertaining to the noncompliance of the application with the two approval criteria. Therefore, according to petitioner, under the "raise it or waive it" provision of ORS 197.763(1) and the limitation on LUBA's review of unpreserved issues in ORS 197.835(2), respondents were foreclosed from presenting those issues in the LUBA appeal. LUBA concluded that respondents had adequately raised the "hardship" criterion in the local proceedings but had not sufficiently raised the "extraordinary circumstances" issue. Petitioner ascribes error to the first conclusion, and respondents' cross-petition takes issue with the second conclusion. We agree with both of LUBA's conclusions and affirm.

▆▆▆▆  We adopt these parts of LUBA's opinion:

"ORS 197.763(1) provides as follows:

" 'An issue which may be the basis for an appeal to [LUBA] shall be raised not later than the close of the record at or following the final evidentiary hearing on the proposal before the local government. Such issues shall be raised with sufficient specificity so as to afford the governing body [Planning Commission, hearings body] or hearings officer, and the parties an adequate opportunity to respond to each issue.'

"ORS 197.835(2) provides that our scope of review is limited

---

[1] Clackamas County has not appeared, and we use the term to refer to the other respondents.

to issues 'raised by any participant before the local hearings body as provided by ORS 197.763.'

"* * * * *

"At no point during the local proceedings did [respondents] specifically cite ZDO 705.03(B)(1) or (2).[6] However, [respondents'] attorney did take the position that [petitioner] had not demonstrated a 'hardship' justifying the challenged approval:

" 'The applicant has claimed an [sic] hardship because he has been unable to locate covered moorage, and his boat would deteriorate and might be subject to thievery, but that is a self-induced hardship. Living on the river does not come with a guarantee that one can build a boathouse for whatever size vessel he chooses to purchase. The real hardship is on * * * the appellants and others using the river.'

"Later in the proceedings, [respondents'] attorney stated:

" 'You know, as I said earlier, if * * * their problem is considered [the] kind of hardship under the Comprehensive Plan that entitles them to a boathouse of this size, when they voluntarily purchased the boat, then you are saying that anyone who wants a big boat can get a big boathouse. I can't believe that is what the land use planning is all about. I can't believe that is what the LUBA decision said.'

"At no point did [respondents] specifically cite the 'hardship' criterion of ZDO 705.03(B)(1) by its ZDO section number, or offer the same legal arguments they present in the first three assignments of error concerning that criterion. However, we do not believe ORS 197.763(1) requires that petitioners have presented the identical arguments during local proceedings that are later presented in the petition for review at LUBA. The purpose of ORS 197.763(1) is to prevent unfair surprise. [Respondents] may not fail to raise issues locally and then surprise the local government by raising those issues for the first time at LUBA.

"Here, the county clearly understood that ZDO 705.03(B)(1) applies and adopted findings addressing that criterion. In their testimony, [respondents] used the operative term 'hardship' contained in that criterion and made it sufficiently clear that they believed there was at most a self imposed hardship, and that such a self imposed hardship is not sufficient to comply with applicable approval standards. We conclude that [respondents] sufficiently raised the issue of compliance with ZDO 705.03(B)(1) to give the county a chance to respond and, therefore that [respondents] did not

waive their right to argue under the first three assignments of error that the application challenged in this proceeding fails to comply with ZDO 705.03(B)(1).

"However, with regard to the 'extraordinary circumstances' criterion of ZDO 705.03(B)(2), [respondents] cite nothing in the local proceedings which shows they raised any issue concerning compliance with this criterion. Having failed to raise any issue concerning compliance with this criterion, [respondents] may not argue for the first time before LUBA that the challenged boathouse violates ZDO 705.03(B)(2). Accordingly, we limit our review under the first three assignments of error to [respondents'] contentions regarding ZDO 705.03(B)(1)."

"[6] [Respondents'] attorney did mention the 'extraordinary circumstances and conditions' standard of ZDO 705.03(B)(2) in discussing a county action concerning a different boathouse request. However, he did not specifically contend that the challenged boathouse violates that standard." (Some footnotes omitted.)

Petitioner's overriding contention is that the "sufficient specificity" required by ORS 197.763(1) is analogous to the specificity that is necessary for preservation in judicial proceedings[2] and that the issues that can be raised before LUBA must accord precisely with those that the party raised in the local proceeding. Those arguments are contrary to the statutory text and to the reality of local land use proceedings, of which the legislature was presumably aware. ORS 197.763(1) does not simply require "sufficient specificity," but goes on to define what the objective of the requisite specificity is, *i.e.,* to afford the decisionmaker and the parties "an adequate opportunity to respond to each issue." The plain thrust of that language is that the statute requires no more than fair notice to adjudicators and opponents, rather than the particularity that inheres in judicial preservation concepts. Indeed, there would have been no need for the second sentence in the statute if the strict preservation principles that petitioner urges had been intended.

[2] Petitioner also contends that a comparable level of specificity has been required in Oregon land use cases. Most of the cases that he cites are inapposite, and one of them, *1000 Friends of Oregon v. LCDC (Curry Co.),* 301 Or 447, 724 P2d 268 (1986), is contrary to petitioner's argument to the extent that it is on point.

■ Moreover, the dynamics of local land use proceedings are not susceptible to the kind of specificity that is required to preserve issues in the courts. One of the objectives of the proceedings is to facilitate citizen input. Presentations are often brief and cursory, and there is no expectation that participants need to or will be represented by counsel in every proceeding. In addition, the type of "preservation" that petitioner would demand is, in some respects, mechanically impossible. For example, one of respondents' assignments before LUBA was that the county hearings officer's findings on the hardship criterion were unsupported by substantial evidence. The findings were published long after the hearing was over, and there is no such thing as a motion for a directed verdict in a hearing on a permit application.

■ Respondents rely on *Miller v. Linn Cty,* 4 Or LUBA 350 (1982), and argue that petitioner, as the applicant, had the burden of proving that the application met the approval criteria of the ordinance; therefore, they reason, petitioner "cannot now attempt to avoid" his failure to carry his burden "by arguing that [respondents] failed to raise the point with sufficient clarity." *Miller* was decided before the enactment of ORS 197.763, and respondents' argument confuses what petitioner had to prove in the local proceeding with what errors that statute allows them to raise in their appeal to LUBA from the local decision. Nevertheless, their argument is relevant to another point: Because petitioner did have to establish that the application satisfied the approval criteria of the ordinance, and the county had to decide whether it did, neither petitioner nor the hearings officer may reasonably claim surprise by respondents' omission of such detail as ordinance section numbers, as long as respondents clearly referred to the subject matter of the criteria that the ordinance establishes.

We agree with LUBA that the references to "hardship" in respondents' local presentation were sufficient to preserve the issues that they raised in their appeal to LUBA concerning the county's decision as it relates to that criterion. For the reasons stated in LUBA's opinion, we also agree that respondents did not raise any issue concerning the "extraordinary circumstances" criterion with sufficient particularity.

Affirmed on petition and on cross-petition.