246 P.3d 1146 (2010)
240 Or. App. 238
Jim PLISKA; Pliska Investments, LLC; and Space Age Fuels, Inc., Petitioners,
v.
UMATILLA COUNTY; and Flying J., Inc., Respondents.
2010016; A146192.
Court of Appeals of Oregon.
Argued and Submitted October 6, 2010.
Decided December 29, 2010.
Jeffrey L. Kleinman, Portland, argued the cause and filed the brief for petitioners.
Douglas R. Olsen waived appearance for respondent Umatilla County.
Roger A. Alfred waived appearance for respondent Flying J., Inc.
Before SCHUMAN, Presiding Judge, and WOLLHEIM, Judge, and ROSENBLUM, Judge.
ROSENBLUM, J.
Petitioners seek review of a decision of the Land Use Board of Appeals (LUBA) that affirmed Umatilla County's approval of a conditional use permit for the construction of a travel plaza on property owned by respondent Flying J., Inc. Petitioners contend that LUBA made errors of law in determining *1147 that the issue raised on appealthat petitioners had an unqualified right to a continuance pursuant to the county's development codewas not first properly raised before the county. LUBA specifically determined that petitioners' letter requesting a continuance pursuant to ORS 197.763(6), submitted to the county prior to the public hearing in this case, was not sufficient to raise the issue of a continuance pursuant to section 152.772(F)(12) of the Umatilla County Development Code (UCDC). For the reasons that follow, we agree with LUBA's determination and, therefore, affirm.
The permit application in this case was before the county for a second time after "LUBA affirmed in part and remanded" an earlier approval. Western Land & Cattle, Inc. v. Umatilla County, 230 Or.App. 202, 204, 214 P.3d 68 (2009). As noted in LUBA's opinion, on remand, the county was to "clarify an issue regarding the traffic impact analysis * * * and to address alleged traffic safety issues." The bulk of the pertinent procedural facts are set forth in the LUBA opinion:
"On October 29, 2009, [Flying J.] requested that the county take post-remand action with[in] 90 days, pursuant to ORS 215.435, and indicated that it intended to submit new evidence on the remand issues. On December 18, 2009, the county scheduled a remand hearing for January 7, 2010, and provided notice of that hearing to the attorney for Pliska Investments, LLC. On December 22, 2009, [Flying J.] submitted (1) a revised [traffic impact analysis] dated November 11, 2009, (2) a revised site plan, and (3) proposed findings on the remand issues. County staff prepared a staff report on December 31, 2009.
"Shortly before the hearing on January 7, 2010, a representative of one or more of the petitioners in this appeal hand-delivered to the county a letter dated January 6, 2010, on the letterhead of petitioner Space Age Fuels, signed by petitioner Jim Pliska."
(Citations omitted.)
The letter, in relevant part, was as follows:
"I have just received a notice of your proposed hearing on this matter scheduled for January 7, 2010 * * * which leaves me with insufficient time to OBTAIN A COPY OF THE [TRAFFIC IMPACT ANALYSIS] and to adequately evaluate and respond appropriately. I respectfully request that you continue this matter until your next scheduled Board meeting and or the record be left open for 14 days so that I can study the applicants traffic study, of which is quite complex, and can submit additional written evidence pursuant to ORS 197.763(6)(a). I further request additional time so that I can seek professional input from another traffic engineer."
(Capitalization in original.)
That request was considered by the county at the hearing:
"The county board of commissioners opened the hearing and accepted the staff report and eight attachments to the staff report, including the revised [traffic impact analysis], revised site plan, and proposed findings. The commissioners then turned to the January 6, 2010 letter hand-delivered by petitioners' representative. [Flying J.'s] counsel objected to the last paragraph of the letter, which is omitted in the quote above, as irrelevant to the remand issues. It was moved and seconded to strike the last paragraph of the January 6, 2010 letter, and enter the letter as modified into the record, * * *.
"The commissioners then considered petitioners' request to continue the hearing or hold the record open for additional written evidence, and after some discussion denied that request. Following that, the commissioners opened up the hearing for testimony, and [Flying J.'s] attorney made additional comments in support of the commissioners' action in denying the requested continuance, noting that, among other things, `this is not the first evidentiary hearing, and it is only the initial evidentiary hearing that an open record or continuance request must be granted.' There was no opposition testimony."
(Citations and omitted.) Before closing the hearing, the chair of the board asked the representative for Flying J. if "[y]ou're resting, and you're not requesting a continuance *1148 or keeping the record open?" After being informed that no continuance was requested, the chair said, "All right, we are ready to close the hearing. Done? Anything else[?]" Although petitioner's representative was present at the hearing, no one responded or raised any other issues at that time. Accordingly, the hearing was then closed. The commissioners
"deliberated, and voted to approve the application, with direction to staff to prepare findings on the two remand issues.
"On February 9, 2010, the commission chair signed the final findings and decision, which include findings explaining why the county denied petitioner Pliska's request for a continuance or to keep the record open for 14 days."
Petitioners appealed to LUBA, contending that UCDC 152.772(F)(12) required a continuance and, therefore, the county erred in rejecting their request. LUBA, however, concluded that the issue before it had not been raised before the county and was, therefore, waived:
"In the relevant portion of the January 6, 2010 letter * * * petitioners specifically invoked a right to a continued hearing or to keep the evidentiary record open `pursuant to ORS 197.763(6)(a).' Based on that letter, the county and [Flying J.] reasonably understood the issue raised below to be whether petitioner had a statutory right to a continued hearing or to keep the evidentiary record open as provided in ORS 197.763(6)(a), and responded accordingly to that issue, during the hearing and in the county's findings. [Flying J.] specifically argued at the hearing that ORS 197.763(6)(a) is inapplicable to the remand hearing, because it applies only to requests made prior to the conclusion of the `initial evidentiary hearing.' In its findings, the county concluded in relevant part that because the remand hearing was not the initial evidentiary hearing, no party was entitled under ORS 197.763(6) to request a continuance or to keep the record open."
(Citations and omitted.) On appeal to LUBA, rather than arguing that the county's interpretation and application of the statute was incorrect, petitioners contended "for the first time, that UCDC 152.772(F)(12) applies and differs from ORS 197.763(6) in offering participants an unqualified right to request and obtain a continuance of any hearing, not limited to the initial evidentiary hearing." (Emphasis in original.) LUBA concluded that, "[g]iven that alleged difference between the statute and the code, we believe that in requesting a continuance under ORS 197.763(1) below petitioner did not give the county and [Flying J.] `fair notice' that petitioners intended to assert a right to a continuance under UCDC 152.772(F)(12)." Furthermore, LUBA observed that petitioners' representative "was present at the hearing" and that petitioners did not "argue that there was not a reasonable opportunity to raise any and all issues regarding compliance with UCDC 152.772(F)(12)" at the hearing. Because it concluded that the issue on appeal had not been properly raised before the county, LUBA declined to address the merits of petitioners' contentions. Petitioners now seek judicial review of LUBA's decision.
In our review of LUBA's order, we do not substitute our judgment for LUBA's "as to any issue of fact." ORS 197.850(8). In this case, we review LUBA's decision to determine if it is "unlawful in substance or procedure, but error in procedure is not cause for reversal or remand unless the court shall find that substantial rights of the petitioner were prejudiced thereby." ORS 197.850(9)(a).
As noted, on review, petitioners contend that LUBA erred in determining that they failed to adequately raise to the county the contention that they have an unqualified right to a continuance pursuant to UCDC 152.772(F)(12).
The requirement that petitioners must have raised before the local government the issues they seek to have considered by LUBA arises from ORS 197.763 and ORS 197.835. Pursuant to ORS 197.763(1),
"[a]n issue which may be the basis for an appeal to the Land Use Board of Appeals shall be raised not later than the close of the record at or following the final evidentiary hearing on the proposal before the local government. Such issues shall be raised and accompanied by statements or *1149 evidence sufficient to afford the governing body, planning commission, hearings body or hearings officer, and the parties an adequate opportunity to respond to each issue."
In addition, ORS 197.835(3) provides that "[i]ssues [before LUBA] shall be limited to those raised by any participant before the local hearings body as provided by ORS 197.195 or 197.763, whichever is applicable." Together, those statutes comprise a so-called "raise it or waive it" requirement, whereby before an issue may be raised to LUBA it must first have been raised before the local government along with statements and evidence sufficient to allow the government and parties to respond to it. See Stewart v. City of Salem, 231 Or.App. 356, 363-64, 219 P.3d 46 (2009), rev. den., 348 Or. 415, 233 P.3d 818 (2010) (discussing "raise it or waive it" principle); Vanspeybroeck v. Tillamook County, 221 Or.App. 677, 691 n. 5, 191 P.3d 712 (2008) ("Under the statutes that apply to review of quasi-judicial local government land use decisions, the failure to raise an issue to a local decision-maker precludes appeal to LUBA based on that issue. Moreover, review of local government land use decisions is subject to statutory deadlines for LUBA and this court. That statutory framework suggests that issues [must] be preserved at the local government level for board review * * * in sufficient detail to allow a thorough examination by the decision-maker, so as to obviate the need for further review or at least to make that review more efficient and timely." (Citations omitted.)). Thus, in this case, we must determine whether petitioners' letter was sufficient to raise the issue of a continuance pursuant to UCDC 152.772(F)(12).
As set forth above, prior to the hearing, petitioners submitted their letter requesting that the county "continue this matter until your next scheduled Board meeting and or the record be left open for 14 days so that I can study the applicants traffic study, of which is quite complex, and can submit additional written evidence pursuant to ORS 197.763(6)(a)."
ORS 197.763(6)(a) provides:
"Prior to the conclusion of the initial evidentiary hearing, any participant may request an opportunity to present additional evidence, arguments or testimony regarding the application. The local hearings authority shall grant such request by continuing the public hearing pursuant to paragraph (b) of this subsection or leaving the record open for additional written evidence, arguments or testimony pursuant to paragraph (c) of this subsection."
Pursuant to that statute, a party who requests it must be given an opportunity to present additional evidence, argument, or testimony, either by a continuance of the hearing or by the record being left open. Thus, by its terms, the statute provides for the type of relief requested by petitioners in their letter. However, as observed by the county, that statute specifically applies to a request made before the end of the "initial evidentiary hearing" and not to a hearing such as the one at issue here, where the case was remanded for additional proceedings. In responding to petitioners' request, the county and Flying J. addressed the requirements of the statute, and the county explained its denial of the continuance in written findings based, in part, on those requirements.[1]
Before LUBA, petitioners did not argue that the county had misapplied the statute, but instead contended that UCDC 152.772(F), which sets out the order of procedure *1150 for county land use hearings, required the county to grant the continuance. As mandated by that code provision, a hearing is to proceed in a particular sequence.[2] Pursuant to UCDC 152.772(F)(11), after the proponent and opponent of an application have presented their cases and public agencies have been heard, the proponent may offer rebuttal evidence and testimony and the opponents may respond to such additional statements. After the presentation of rebuttal evidence, pursuant to UCDC 152.772(F)(12), the officer presiding over such a hearing is to "inquire of the participants in the public hearing whether anyone wishes to submit a written request for a continuance or, at the first evidentiary hearing only, would like to request that the record remain open for additional testimony * * *." If a continuance is requested under that provision, "the hearing shall be continued to a future public meeting, the date, time, and place of which must then be announced." UCDC 152.772(F)(15). For the following reasons, we agree with LUBA's conclusion that petitioners' letter, submitted before the hearing, was not sufficient to raise the issue of a continuance under the code.
Petitioners' letter specifically cited ORS 197.763(6) as the basis for the request for a continuance. On appeal, petitioners argued for the first time that UCDC 152.772(F) provides them with a right to a continuance. They contend that their letter requesting a continuance raised that issue. However, that code section does not concern a continuance requested prior to the commencement of a public hearing, which is when petitioners requested a continuance in this case. The right to a continuance pursuant to UCDC 152.772(F) arises only upon a request made at the end of the public hearing, after the proponents and opponents of the application have presented their cases and rebuttal testimony. Although it is true that, under appropriate circumstances, a party may raise an issue without citation to a specific code section, a particular issue must be identified in a manner detailed enough to give fair notice and an adequate opportunity to respond. See Boldt v. Clackamas County, 107 Or.App. 619, 623, 813 P.2d 1078 (1991). That did not occur here. Not only did petitioners specifically cite a different authority for their request for a continuance, the county code section they relied on before LUBA and in this court would not have entitled them to a continuance at the beginning of the hearing. The discussion at the hearing, along with the county's written findings, make it apparent that both the county and Flying J. understood ORS 197.763(6) to be the provision at issue, a reasonable conclusion given that UCDC 152.772(F)(12) and (15) had no application at that time. Furthermore, as LUBA observed, petitioners argued on appeal that the statute and the code are different and that petitioners had a right under the code that they might not have under the statute. For all of those reasons, petitioners' request for a continuance at the outset of the hearing pursuant to ORS 197.763(6) did not give "`fair notice' that petitioners intended to assert a right to a continuance" at the close of the hearing pursuant to the county's code. The statute and the code involve two different rights, and raising one did not raise the other.
Furthermore, as LUBA and the county observed and petitioners do not dispute, petitioners' representative was present at the hearing but did not speak at the hearing regarding the requested continuance, nor did petitioners' representative make a presentation of any kind in opposition to the application. Indeed, no party in opposition to the application testified before the county. At the end of the hearing, as provided by the code, the presiding officer inquired as to whether a continuance was requested. The question was directed to the representative *1151 for Flying J., the only party who had presented testimony at the hearing, but thereafter the presiding officer asked more broadly whether they were "done" or there was "anything else" before the hearing was closed. Petitioners did not request a continuance at that timethe time when the code section they now rely on would have given them the right to a continuance.[3] Given all those circumstances, we cannot conclude that the county and other parties had an "adequate opportunity to respond" to the petitioners' present contention, nor that the county had a chance to thoroughly examine the issue now raised.
Nonetheless, petitioners contend that, pursuant to ORS 197.835(4)(a), "failure of a local decision maker to follow the procedures established by its code may be raised for the first time before LUBA[.]" However, that is a mischaracterization of what the statute addresses, at least with respect to the issue in this case. Rather, ORS 197.835(4) provides, in part:
"A petitioner may raise new issues to the board if:
"(a) The local government failed to list the applicable criteria for a decision under ORS * * * 197.763(3)(b), in which case a petitioner may raise new issues based upon applicable criteria that were omitted from the notice. However, the board may refuse to allow new issues to be raised if it finds that the issue could have been raised before the local government[.]"
ORS 197.763(3)(b), in turn, provides that a notice of a local quasi-judicial land use hearing must "[l]ist the applicable criteria from the ordinance and the plan that apply to the application at issue[.]" See also Nicholson v. Clatsop County, 148 Or.App. 528, 538, 941 P.2d 566 (1997) ("ORS 197.763 has a modified `raise it or waive it' requirement and * * * one of the consequences of a local government's failure to provide sufficient notice under ORS 197.763(3)(b) is that otherwise unpreserved issues may be raised by an affected party in an appeal to LUBA."). Here, petitioners' assignment of error does not appear to raise criteria applicable to the land use application that the county neglected to include in its notice of hearing. Petitioners do not discuss the notice of hearing nor do they appear to contend that the provision at issue is one that is "applicable to the land use application"; in any event, they do not explain how it is. Furthermore, in an undeveloped assertion, petitioners state that, "[to] the extent that LUBA may be deemed to have refused under ORS 197.835(4)(a) `to allow new issues to be raised if it finds that the issue could have been raised before the local government,'" such a finding was unlawful in substance. Under the circumstances presented, we agree with LUBA that the issue of a continuance pursuant to the county code could easily have been raised before the local government. We therefore reject petitioners' contention without additional discussion.
In sum, LUBA did not err in declining to address the merits of petitioners' argument that they were entitled to a continuance under the county code, an issue raised for the first time on appeal.
Affirmed.
NOTES
[1] Those findings state, in part, that the "Board finds that because the remand hearing is not the initial evidentiary hearing, no party is entitled to approval of a request for a continuance of a hearing or a right to leave the written record open under ORS 197.763(6)."

In addition, the Board determined that
"Mr. Pliska's substantial rights to a full and fair hearing and an opportunity to make his case were fulfilled. First, the evidentiary record demonstrates that his attorney received notice [of the hearing] * * *. Second, even if he did not receive notice but was entitled to it, the County's affidavit of mailing precludes an appeal based on this issue because it shows that his attorney received timely notice of the hearing and was aware of the hearing date and location. Third, Mr. Pliska had a representative present at the hearing and had the opportunity to present a full and fair case to the Board but chose not to do so."
[2] As noted by petitioners, that sequence is as follows: (1) commencement of the hearing; (2) call for abstentions; (3) objections to jurisdiction; (4) reading of the required statement to those in attendance; (5) presentation of staff report; (6) presentation of proponent's case; (7) cross-examination of proponents; (8) opponent's case; (9) cross-examination of opponents; (10) testimony from public agencies; (11) rebuttal evidence from proponent and opponent's response; (12) requests for continuance or keeping the record open; (13) close of the hearing and deliberation; (14) continuance of a hearing, if any; and (15) issuance of an order on the decision. UCDC 152.772(F).
[3] Given that UCDC 152.772(F)(12) was not in play at the time petitioners made their prehearing request for a continuance, we are unconvinced by their assertion that a continuance request at the end of the hearingthe time when that provision did applywould have been futile.