***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted June 21, affirmed August 31, 2022

FRIENDS OF YAMHILL COUNTY,
*Petitioner,*

*v.*

YAMHILL COUNTY,
Paul Jahnke, Martha Jahnke,
Charles Dolence, Scotty Dolence,
and Cyclops Properties, LLC,
*Respondents.*

Land Use Board of Appeals
2021074; A178516

Dan Lawler argued the cause and filed the brief for petitioner.

Andrew Stamp argued the cause for respondents. Also on the joint brief were Jodi M. Gollehon and Andrew H. Stamp, P.C.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Petitioner seeks review of a Land Use Board of Appeals (LUBA) order that affirmed Yamhill County's issuance of a conditional use permit (CUP) for a public road through property zoned exclusive farm use (EFU). LUBA determined that petitioner failed to adequately preserve at the county level the two assignments of error that petitioner raised to LUBA. As a result, LUBA denied the assignments without reaching the merits. On review of that order, petitioner raises several arguments challenging LUBA's determination and requests that we remand this case back to LUBA to address the merits of petitioner's assignments. We review LUBA's order to determine if it is "unlawful in substance or procedure," ORS 197.850(9)(a), and conclude that it is not. Accordingly, we affirm.

A recitation of the relevant contents of the record here would not benefit the bench or bar. Briefly, for context, applicants sought a CUP from the county to build a public road through a parcel of property they own that is zoned EFU to provide access to another parcel of unimproved property that they also own (tax lot 1292). The applicants stated that the access was needed so that tax lot 1292 could be developed. The applicants also stated that another purpose for the road was that in the future it could be extended south to provide access to another parcel they own. Petitioner opposed the CUP at the county level and sought review of the county's approval of the CUP to LUBA. As stated, LUBA concluded that petitioner had not adequately preserved at the county level the two assignments of error that petitioner raised to LUBA and, as a result, denied petitioner's assignments and affirmed the county's approval of the CUP.

Before addressing petitioner's arguments here, we set out the preservation requirement as it pertains to LUBA's review of local land use decisions. Those requirements are guided by statute. First, ORS 197.797(1) provides:

> "An issue which may be the basis for an appeal to the Land Use Board of Appeals shall be raised not later than the close of the record at or following the final evidentiary hearing on the proposal before the local government. Such issues shall be raised and accompanied by statements or

evidence sufficient to afford the governing body, planning commission, hearings body or hearings officer, and the parties an adequate opportunity to respond to each issue."

Second, ORS 197.835(3), which addresses LUBA's scope of review, provides that "[i]ssues shall be limited to those raised by any participant before the local hearings body as provided by ORS 197.195 or 197.797, whichever is applicable." As we have explained, "those statutes comprise a so-called 'raise it or waive it' requirement, whereby before an issue may be raised to LUBA it must first have been raised before the local government along with statements and evidence sufficient to allow the government and parties to respond to it." *Pliska v. Umatilla County*, 240 Or App 238, 244, 246 P3d 1146 (2010), *rev den*, 350 Or 408 (2011).

In this case, petitioner raised two assignments of error to LUBA, both of which LUBA concluded petitioner had failed to sufficiently raise at the county level. In its first assignment, petitioner asserted that the county's approval of the CUP for a public road did not comply with OAR 660-012-0065(3)(o), as required by Yamhill County Zoning Ordinance (YCZO) 402.04(N). In support of that assignment, petitioner argued that, under OAR 660-012-0065(3)(o), the proposed road must "serve local travel needs" and must be limited to that necessary to support rural land uses identified in the county's comprehensive plan or for emergency access. However, petitioner argued, the "county's proposed scheme of approving a roadway for a dwelling prior to actually approving the dwelling violates" that rule, because the county cannot issue a roadway permit based on a future, potential application for a dwelling. Petitioner argued that, without proof that applicants had filed for a dwelling to build on tax lot 1292, the record lacks evidence of a need for the public road.

As to that assignment, LUBA concluded that petitioner's arguments to the board were not sufficient to alert the applicants and the county to the argument petitioner made to LUBA. The letter to the board that petitioner relied upon for preservation, LUBA stated, was directed at petitioner's argument that the road was not needed because the applicants' lots had existing access, via a private easement,

and the letter only made a passing reference to local needs by quoting OAR 660-012-0065(3)(o). LUBA pointed out that the county's findings were also focused on the arguments made about existing access, further demonstrating that the county was not alerted to the arguments that petitioner advanced to LUBA.

We agree with LUBA's assessment and conclude that petitioner did not adequately preserve its first assignment of error for LUBA's review. The letter on which petitioner relies argued that the public road was not needed, as provided in OAR 660-012-0065, because all of the applicants' parcels (including tax lot 1292) had sufficient existing access via a private easement. Petitioner did not assert that the proposed road was not needed for any other reason—either broadly or more narrowly—and did not raise an argument that touched on the specific issue raised to LUBA, *i.e.*, that the applicants had to apply to build a dwelling on tax lot 1292 before they could seek road access to that lot. Contrary to petitioner's characterization to us, LUBA did not focus on a subset of arguments made by petitioner at the county in concluding petitioner did not preserve its assignment, rather, LUBA accurately described the record and the arguments that petitioner made both to the county and to LUBA.

We also reject petitioner's argument that it could not have raised the issue earlier. Petitioner asserts that the board's finding that "there is no approval criterion that requires an applicant to prove that the road is 'needed,' and [petitioner] point[s] to no such law" was an error appearing for the first time in the board's order. However, petitioner did not assert to LUBA that that exception to preservation applied to its assignment of error, and, thus, petitioner failed to sufficiently preserve that issue for our review. *See Willamette Oaks, LLC v. City of Eugene*, 248 Or App 212, 225, 273 P3d 219 (2012) (explaining that the statutes governing LUBA's review lend "particular force" to our requirement that error claimed on review to us is preserved before LUBA).

Because petitioner did not raise the issue in its first assignment of error "sufficient to afford the governing body,

planning commission, hearings body or hearings officer, and the parties an adequate opportunity to respond," ORS 197.797(1), LUBA's order denying that assignment was not unlawful in substance.

In its second assignment of error to LUBA, petitioner asserted that

> "the county's decision to approve a local road that includes 15 percent grade violates the 10 percent limit on grade that applies to local roads under the county's transportation system plan (TSP) and Ordinance No. 895. *** [T]he county failed to satisfy YCZO 1202.02(C)'s requirement that the parcel be suited for the proposed use because the parcel's location and topography would require the proposed road to violate the 10 percent limit on grade established in the county's local road standards."

On petitioner's second assignment, LUBA concluded that petitioner's letter to the planning commission—the only submission by petitioner that addressed the steepness of the proposed road—was not sufficient to preserve the technical arguments based on the TSP road standards that petitioner advanced to LUBA. LUBA further stated that the county's findings on the issue demonstrated that the county was not on notice of that issue because its findings were in response to the generalized concerns about topography made by petitioner in its letter.

We again agree with LUBA's assessment. In the letter to the planning commission, petitioner stated:

> "The proposed road is in the bottom of a draw with steep climbs to Willis Road above. Applicant acknowledges it is somewhat steep near Willis but levels out at the bottom. What this fails to address is the extent of change in elevation between top and bottom. Lines on paper fail to meaningfully convey the topography. Users of the existing easement struggle with the grade and report that gravel is a better road surface than pavement in these conditions."

Nothing in that paragraph would have alerted the county or the applicants to petitioner's argument that it believed the 10 percent road grade standard in the TSP applied to the proposed road or that the county had to find, as part of the CUP approval, that the road could be completely built

at that 10 percent grade standard. Petitioner's letter raised a far more general issue about topography. The applicant's response to petitioner's letter and the county's findings only responded to that generalized issue, further indicating that petitioner did not, in fact, give them notice of the more particularized issue. *See Pliska*, 240 Or App at 246 ("Although it is true that, under appropriate circumstances, a party may raise an issue without citation to a specific code section, a particular issue must be identified in a manner detailed enough to give fair notice and an adequate opportunity to respond.").

We also reject petitioner's claim that its TSP road grade standard argument was only part of its argument to LUBA and that LUBA erred in failing to address all of its arguments, as required by ORS 197.835(11)(a). Having reviewed petitioner's argument to LUBA, we conclude that LUBA did not err in that regard.[1]

Finally, petitioner asserts that it was not required to preserve the TSP road grade issue at the county level, because the county failed to notice that road standards were part of the approval criteria and then referenced unspecified road standards in its findings after the close of evidence. Petitioner argues that, under ORS 197.835(4)(a), it could thus raise the new issue on review to LUBA.[2] Petitioner also asserts, alternatively, that it could raise the new issue because it responds to errors appearing for the first time in the county's findings—that is, that the county relied on an

---

[1] On review, petitioner asserts that its assignment to LUBA made three distinct arguments: (1) the county's decision violates grade standards in the TSP; (2) the county's decision fails to comply with YCZO 1202.02(C) because approving the road with a 15 percent grade violates criteria for conditional uses; and (3) the county's findings do not reference local road standards and fail to explain how the location and topography are suitable for a public road when it requires the road grade to exceed legal limits. Even crediting that characterization, all three arguments necessarily rely on petitioner's assertion that the TSP road grade standard is an approval standard that applies to the CUP.

[2] ORS 197.835(4)(a) provides:

"A petitioner may raise new issues to the board if:

"(a) The local government failed to list the applicable criteria for a decision under ORS 197.195(3)(c) or 197.797(3)(b), in which case a petitioner may raise new issues based upon applicable criteria that were omitted from the notice. However, the board may refuse to allow new issues to be raised if it finds that the issue could have been raised before the local government[.]"

incorrect road standard. We reject those arguments because petitioner did not assert to LUBA that either exception to preservation applied to its second assignment of error, and, thus, petitioner failed to sufficiently preserve that issue for our review. *See Willamette Oaks, LLC*, 248 Or App at 225.

Because petitioner did not raise the issue in its second assignment of error "sufficient to afford the governing body, planning commission, hearings body or hearings officer, and the parties an adequate opportunity to respond," ORS 197.797(1), LUBA's order denying that assignment was not unlawful in substance.

Affirmed.