No. 405 June 12, 2024 263

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CENTRAL OREGON LANDWATCH,
*Petitioner,*

*v.*

DESCHUTES COUNTY
and Harold K. Marken,
*Respondents.*

Land Use Board of Appeals
2023049; A183702

Argued and submitted April 30, 2024.

Rory Isbell argued the cause and filed the brief for petitioner.

Ken Katzaroff argued the cause for respondent Harold K. Marken. Also on the brief were Andrew Lee, D. Adam Smith, and Schwabe, Williamson & Wyatt, P.C.

No appearance for respondent Deschutes County.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner Central Oregon LandWatch petitions for review of an order of the Land Use Board of Appeals (LUBA) that affirmed respondent Deschutes County's approval of an amendment to its acknowledged comprehensive plan redesignating a 59-acre tract of land from Agricultural to Rural Residential Exception Area and rezoning it from Exclusive Farm Use to Multiple Use Agriculture. LandWatch argues that that redesignation violates statewide land use planning Goals 3 and 14. Reviewing the decision in order to determine whether it is "unlawful in substance or procedure," we affirm. ORS 197.850(9)(a).

In its first assignment of error, LandWatch challenges LUBA's conclusion that many of its arguments were not raised before the county and were therefore unpreserved. LandWatch argues both that LUBA imposed too exacting a standard of preservation and that, in any event, it *did* preserve those arguments. Specifically, LandWatch contends that unlike in a judicial setting, a party in a land use proceeding must only provide "fair notice" of its arguments. *See Boldt v. Clackamas County*, 107 Or App 619, 623, 813 P2d 1078 (1991) (discussing "fair notice" standard). LandWatch points out that it offered citations to the administrative rules and case law governing compliance with Goals 3 and 14, and contends that those references provided sufficient notice of its arguments.

We disagree. Those references by LandWatch did not include "sufficient detail to allow a thorough examination of the issue by the decision-maker, so as to potentially obviate the need for further review or at least make that review more efficient and timely." *Willamette Oaks, LLC v. City of Eugene*, 295 Or App 757, 767, 473 P3d 314 (2019), *rev den*, 365 Or 192 (2019) (citing *Vanspeybroeck v. Tillamook County Camden Inns, LLC*, 221 Or App 677, 691 n 5, 191 P3d 712 (2008)). As such, we conclude that LandWatch did not provide fair notice of the majority of its arguments to the county, depriving the local government of the opportunity to consider them. As LUBA observed, LandWatch could have facilitated our analysis of preservation had it endeavored to identify where in the record it raised each of the

arguments it raised before LUBA and before this court. Nevertheless, after a careful review of the record, we conclude that LandWatch preserved the following three arguments under Goal 3, in which it contended that the land is suitable for farm use because of its (1) technological and energy inputs, (2) access to irrigation, and (3) profitability. And under Goal 14, LandWatch preserved the following two arguments: (1) that the density of dwellings would amount to an urban use of the land in violation of Goal 14, and (2) that Goal 14 must be considered. LandWatch failed to raise its remaining arguments to the county and therefore LUBA did not err in declining to consider them.

In the preserved components of its second assignment of error, LandWatch contends that the land should remain designated as Agricultural to comply with Goal 3 because it is suitable for farm use under several of the factors in OAR 660-033-020(1)(a)(B). Specifically, LandWatch argues that the land can be farmed at a profit, has access to irrigation, and has access to technological and energy inputs. *Id*. LandWatch further contends that LUBA erred in focusing on the property's history of failing to earn a profit through farm use because the land has the capacity to be profitable. However, beyond the land's historic use, LandWatch points to no evidence that could disrupt the county's extensive findings regarding the suitability of the land for farm use, and we find no error with LUBA's conclusion that the amendment complies with Goal 3.

In the preserved components of its third assignment of error, LandWatch contends that the plan amendment would result in an urban use of the land, in violation of statewide planning Goal 14. First, LandWatch contends that Goal 14 must be considered. Because both the county and LUBA *did* consider Goal 14, that argument does not justify reversal. LandWatch also contends that the density of the residential units would amount to an urban use in violation of Goal 14. *See 1000 Friends of Oregon v. LCDC*, 301 Or 447, 504, 724 P2d 268 (1986) (discussing density of dwellings as a factor to consider when determining whether a use is urban). LUBA addressed that contention and concluded that the amendment would result in a density of one

dwelling unit per ten acres, which did not amount to an urban use. LandWatch argues—without support—that the amendment would actually result in a density of one dwelling unit per five acres but does not explain how that level of density amounts to an urban use. We reject that undeveloped argument. *See Cunningham v. Thompson*, 188 Or App 289, 297 n 2, 71 P3d 110 (2003), *rev den*, 337 Or 327 (2004) ("Ordinarily, the appellate courts of this state will decline to address an undeveloped argument.").

Affirmed.